UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HUSKY MOUNTAIN ACQUISITION, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SKYLAB ARCHITECTURE, LLC, an Oregon limited liability company, and ANDERSEN CORPORATION, a Minnesota corporation,<br><br>Defendants. | Case No. 2:26-cv-00067-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |
| SKYLAB ARCHITECTURE, LLC, an Oregon limited liability company,<br><br>Third Party Plaintiff,<br><br>v.<br><br>WALKER CONSTRUCTION, INC., a Washington corporation; JACKSON CONTRACTOR GROUP, INC., a Montana corporation; INTERFACE ENGINEERING, INC., an Oregon corporation; OAC SERVICES, INC., a Washington corporation; D'AMATO CONVERSANO, INC., a Washington corporation; RWDI USA, LLC, an Oregon limited liability company; JAMES A. SEWELL & ASSOCIATES, a Washington limited liability company; DUNN + KILEY LANDSCAPE ARCHITECTS, LLC, a Colorado limited liability company; and JOHN DOES 1-10,<br><br>Third-Party Defendants. | |

## I. INTRODUCTION

Before the Court is Third-Party Defendant Jackson Contractor Group, Inc.'s

("Jackson") Motion to Stay Lawsuit Pending Arbitration. Dkt. 51. Third-Party Defendant, James A. Sewell & Associates ("JAS") has filed a memorandum in opposition. Dkt. 60. Plaintiff Husky Mountain Acquisition, Inc. has also filed in opposition. Dkt. 61. Third-Party Defendant OAC Services, Inc., has joined with these two parties in opposition. Dkt. 62. Defendant Skylab Architecture, LLC (Dkt. 56) has filed in support of a stay along with Third-Party Defendants Walker Construction, Inc. (Dkt. 54), Interface Engineering, Inc. (Dkt. 59), and D'Amato Conversano, Inc. (Dkt. 58). No other parties have filed anything regarding this motion. For the reasons set forth below, the Court GRANTS the Motion to Stay Lawsuit Pending Arbitration as to the entirety of this matter.

## II. BACKGROUND

Jackson is a party to a standard AIA Construction Contract (the "Contract") for the improvement of certain real property located in Bonner County, Idaho, at the Schweitzer Mountain Resort. The Contract was executed by and between Jackson and Schweitzer Mountain Properties, LLC, on October 19, 2020. Dkt. 51-1, at 4. The Contract contains an arbitration clause requiring dispute resolution via arbitration to be administered by the American Arbitration Association ("AAA"). *Id.* Plaintiff Husky Mountain Acquisition Inc. ("Husky") is the alleged assignee of the contract. *Id.* Defendant Skylab Architecture, LLC, ("Skylab"), Third-Party Defendant Walker, and Third-Party Defendant Jackson all performed construction-related services on the project, under respective contractors. *Id.*

In the operative Complaint, Husky alleges work performed by Skylab, Walker, and Jackson was defective and constitutes a colorable claim for Breach of Contract against all three entities. Dkt. 1, at 11–12. On August 28, 2026, Jackson filed the instant Motion

asserting the claims Husky alleges in its Complaint here substantially mirror those found in an arbitration proceeding Husky filed the same day as the Complaint. Dkt. 51-1, at 5–7. To conserve resources, Jackson seeks to stay this federal lawsuit. *Id.*

## III. LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides that "any arbitration agreement within its scope 'shall be valid, irrevocable, and enforceable' [ ] and permits a party 'aggrieved by the alleged . . . refusal of another to arbitrate' to petition any federal district court for an order compelling arbitration in the manner provided for in the agreement." *Chiron Corp. v. Ortho Diagnostic sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (citing 9 U.S.C. §§ 2, 4).

"[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration[.]" *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983). Courts shall stay any suit or proceeding upon a finding that the issue involved is referable to a valid arbitration agreement. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) (citing 9 U.S.C.A. § 3).

A court may stay proceedings in the interest of efficiency for both its own docket and litigants. *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936). The party moving for a stay must demonstrate either hardship or inequity will result if a court requires them to move forward if there is a fair chance the stay will bring harm to the interests of another. *Id.* at 255. If a party later provides evidence that arbitrating parties have not arbitrated with reasonable diligence, a court may re-examine its stay order at that time. *ATSA of California, Inc. v. Continental Ins. Co.*, 702 F.2d 172, 176 (9th Cir. 1983).

## IV. DISCUSSION

None of the parties argue that arbitration should not proceed in this case. Dkt. 51-1, at 7–8. That said, JAS (Dkt. 60), Husky (Dkt. 61), and OAC (Dkt. 62) contend certain aspects of this action fall outside the scope of arbitration. However, as Jackson highlights, all the claims in this action depend on one question addressed within the pending arbitration: whether Defendants facilitated the completion of defective construction services on the improvement project. Dkt. 51-1, at 9. The Court will next address JAS's two main arguments opposing a stay as well as Husky's two primary arguments and explain why none are persuasive.

JAS first contends it will not be able to represent its interests if the Court grants a stay because it is not a signatory to any arbitration agreement. Dkt. 60, at 8. But Idaho law explicitly protects Parties who are not party to, or in privity with, prior litigation from being bound by the same. *Rodriguez v. Dep't of Correction*, 29 P.3d 401, 404 (Idaho 2001). Any issue not litigated due to the absence of a party is not adjudicated against that party. *Western Indus. and Env't Servs., Inc. v. Kaldveer Assocs., Inc.*, 887 P.2d 1048, 1052 (Idaho 1994).

JAS next asserts that, in the event the Court grants a stay, it should find prejudgment interest shall *not* accrue against JAS during said stay. This concern, and request, is premature. Parties may claim pre-judgement interest where damages are either liquidated or readily ascertainable by a mathematical process. *Ross v. Ross*, 178 P.3d 639, 641 (Idaho Ct. App. 2007). A court must be able to determine such damages without relying upon opinion or discretion. *Id.* at 642 (quoting *Seubert Excavators, Inc. v. Eucon Corp.*, 874 P.2d

555, 561 n. 2 (Idaho Ct. App. 1993)).[1] This type of calculation cannot (typically) be done until the conclusion of the lawsuit. In this case, JAS has highlighted claims against it for indemnity and negligence – both of which are based on contribution theories. Dkt. 60, at 5. Husky does not name fixed damages but instead claims that the amounts for both primary Defendants Skylab and Anderson "exceed $75,000." Dkt. 1, at 11. Importantly, Husky expressly states they will establish damages in both instances at trial. *Id.* By virtue of the nature of its involvement, JAS will, at maximum, bear responsibility for an as-yet-undetermined portion of contribution for any of those damages if Husky prevails. The Court cannot determine what those damages might be without reliance upon discretion or opinion, so JAS's contention that a stay will damage its interests in this manner is unpersuasive.

Husky begins by arguing damages will continue to accrue while evidence of alleged misconduct dwindles if the Court grants a stay. Dkt. 61, at 4. But as Jackson points out, remediation has already begun and the Parties recently scheduled an inspection for purposes of gathering evidence. Dkt. 63 (noting an inspection was scheduled for October 6-8, 2026).

---

[1] Examples of claims where pre-judgement interest is available include those for payment of a fixed sum, for money received, for money paid, and for goods or services to be paid at a prearranged rate. *Ross*, 178 P.3d at 641. Idaho's federal courts have held to this same standard, only awarding pre-judgement interest for cases involving fixed damages. *See, e.g. Ivdamages.tness Elite Training Ctr., Inc.*, 2023 WL 6542099, at *3 (D. Idaho Oct. 6, 2023) (awarding pre-judgement interest for a breach of employment contract claim with a fixed early termination payout); *United States v. Fidelity and Deposit Co. of Maryland*, 2022 WL 4585851, at *1 (D. Idaho Sept. 29, 2022) (awarding pre-judgement interest where a pretrial expert report fully established claimed damages); *Rothley v. Endless Concepts Contracting LLC*, 2026 WL 2958153, at *2 (D. Idaho Oct. 1, 2026) (awarding pre-judgement interest for a disputed amount of deposited money). Again, because these facts are unknown at this time, the Court cannot make an informed decision regarding prejudgment interest.

Husky's next argument is quite broad: that arbitration will be time-consuming. Dkt. 61, at 3. Husky acknowledges at the same time, however, that Parties have already commenced investigation into the alleged defects. *Id.* In a similar vein, Husky claims staying this action will require them to open areas of their property first for discovery related to arbitration and then later for the parties involved in this suit. Dkt. 61, at 4. But Husky does not identify what, if anything, is preventing them from opening the relevant areas of the property to all interested parties at the same time—especially considering it will be the same parties doing the investigatory work anyway.

In short, a stay will not prevent Husky from opening the property for any legitimate reason. The Court also cannot find any law or precedent establishing that a stay of litigation will cause physical structures to further deteriorate past the point caused by the alleged misconduct. Such damage would instead be the result of inaction on the part of the owner. A stay does not prevent Husky from conducting repairs on its property.[2]

JAS and Husky have raised some concerns. But the Court finds these concerns are overstated or otherwise outweighed by the inefficiencies that would result were the Court to deny the Motion to Stay. As Jackson correctly points out, allowing this proceeding to run parallel to the closely related arbitration proceeding is an inefficient use of the Court's limited resources and—of greater importance—could result in inconsistent rulings. Dkt. 63, at 7. The issues brought in this action closely mirror those currently at issue in arbitration. In the best-case scenario, allowing this proceeding to continue prior to the

[2] In other words, Husky can undertake whatever repairs it deems necessary subject to any litigation holds and consistent with its discovery obligations in both this case and the arbitration.

conclusion of arbitration could result in the Court receiving and analyzing filings for issues the parties are also seeking answers about in the arbitration. At worst, the Court risks arriving at findings that conflict with those reached by the arbitration panel. The Court declines to take this risk.

Jackson has sufficiently established good cause for staying these proceedings for purposes of efficiency and consistency. Neither JAS nor Husky have sufficiently established they will suffer unavoidable harm as a result of a stay.

## V. CONCLUSION

For the foregoing reasons, Jackson's Motion to Stay Lawsuit Pending Arbitration is GRANTED. The stay will apply to the entire case. If evidence later arises that the parties to the arbitration are not pursuing a conclusion with reasonable diligence, the Court will reevaluate the situation at that time.

## VI. ORDER

IT IS HEREBY ORDERED:

1. Jackson's Motion to Stay Lawsuit Pending Arbitration (Dkt. 51) is GRANTED.
2. This case is STAYED.
3. The Parties shall file an update with the Court within 30 days of any decision from the arbitration panel.

DATED: November 16, 2026

David C. Nye
U.S. District Court Judge